IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INDEPENDENT LOCOMOTIVE LEASING, INC., )
                                                 )
                    Plaintiff, )
                                                 )
    vs.                           ) No. 18-cv-07295
                                               )
PERMIAN BASIN RAILWAYS, INC.,       ) Judge Bucklo
                                               )
                  Defendant. )

MOTION FOR DETERMINATION AS TO WHETHER BIG SHOULDERS CAPITAL LLC
HAS A SECURED INTEREST IN ASSETS OF DEFENDANT
AND IF IT DOES TO DETERMINE PRIORITY THEREOF TO CITATION LIEN

Now comes plaintiff Independent Locomotive Leasing, Inc.
by its attorney Richard M. Kates and moves for a determination
as to whether Big Shoulders Capital LLC has a secured interest
in the Assets, and if it does to determine priority thereof
to the citation lien of plaintiff and as grounds states as
follows:

1. Plaintiff in this case has a judgment against defendant
entered on November 28, 2018 in the sum of $582,720.00.

2. Unless federal statutes govern the particular circumstances
which is not the case here, collection proceedings on federal
court judgments are governed by state law. Federal Rules of Civil
Procedure, Rule 69, Resolution Trust v. Ruggiero, 994 F. 2d 1221,
1226 (7th Cir., 1993), In re Emerald Casino, 223 F. Supp. 3d
740, 745 (N.D. Ill., 2016).

3. A third party citation in this case issued by the clerk
of the United States District Court in Chicago on July 29, 2019
was served on citation respondent Big Shoulders Capital LLC

in Northbrook, Illinois which is attached hereto as Exhibit A which was followed by an amended third party citation issued July 29, 2019 which was also served on said citation respondent and is attached hereto and made a part hereof as Exhibit B.

4. Service of the citation on Big Shoulders Capital LLC made that entity subject to the jurisdiction of this court by Illinois law and service of the citation creates a judgment lien upon all personal property belonging to the judgment debtor in the possession or control of a third party served with the citation. 735 ILCS 5/2-1402(m), City of Chicago v. Air Auto Leasing Co., 297 Ill. App. 3d 871 at 874.

5. Under Illinois citation law if it appears that any property, chose in action, credit or effect discovered, or any interest therein is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right and the rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law related to garnishment proceedings. 735 ILCS 5/2-1402(g).

I. BIG SHOULDERS CAPITAL IS NOT A SECURED CREDITOR OF DEFENDANT

6. Through subpoena and the citation proceedings plaintiff has received materials from Big Shoulders Capital LLC including a Loan and Security Agreement between Iowa Pacific Holdings and its Material Subsidiaries and Big Shoulders Capital LLC which is the basis of the claim of Big Shoulders Capital LLC that it is a secured creditor of defendant Permian Basin and a copy of the relevant provisions of that agreement is attached

-2-

hereto as Exhibit C.

7. On page 2 thereof the Borrower under that agreement has the meaning as set forth in the preamble. The preamble on page 1 includes as Borrowers Material Subsidiaries. "Material Subsidiaries" are defined on page 7 as six entities which include defendant Permian Basin. On pages 17-18 is a grant of security interests to secure payment which is stated to include assets of the "Material Subsidiaries" which by definition includes assets of defendant Permian Basin Railways, Inc.

8. Of even date with the Loan and Security Agreement, an Equity Pledge Agreement was signed under which defendant Permian Basin Railways as pledgee to Big Shoulders Capital LLC granted it a first priority security interest to all issued and outstanding shares of San Luis & Rio Grande Railroad, Inc. its wholly owned subsidiary and all additional Equity Interests to secure the due and punctual payment and performance to Big Shoulders Capital, LLC under the Loan and Security Agreement and the relevant portions of that Equity Pledge Agreement are attached hereto as Exhibit D.

9. Both the Loan and Security Agreement and the Equity Pledge Agreement included signature lines for defendant Permian Basin Railways, Inc, which reads:

PERMIAN BASIN RAILWAYS, INC.

By: Iowa Pacific Holdings, LLC, its Sole Shareholder

By: _____
Name: Edwin E. Ellis
Title: President

and those signature lines bare a signature.

10. Permian Basin Railways, Inc., defendant, did not enter into those agreements or any similarly signed agreement.

11. Signatures of shareholders do not bind an Illinois corporation and Permian Basin Railways, Inc. is an Illinois Corporation. (Exhibit E) As the Illinois Supreme Court states"

> "A corporation is an artificial being created by law, clothed with certain powers. It acts through its board of directors and officers. Its property is not subject to the control or disposition of its members or shareholders. They have no power to sell or encumber the corporate property." <u>Sellers v. Green</u>, 172 Ill. 549, 553-554.

12. Big Shoulders Capital,Capital LLC is thus not a secured creditor of defendant Permian Basin Railways, Inc. and this Court should so determine in connection with plaintiff's collection of its $582,720.00 judgment entered in this case in its favor against defendant per 735 ILCS 5/2-1402.

## II. IF BIG SHOULDERS CAPITAL IS DEEMED A SECURED CREDITOR OF DEFENDANT, ITS LENGTHY FAILURE TO PURSUE ITS REMEDIES FOR DEFAULT SUBORDINATE ITS POSITION TO PLAINTIFF

13. If Big Shoulders Capital is deemed to be a secured creditor of defendant under the Loan and Security Agreement that is attached hereto as Exhibit C, the events of default thereunder are set forth on pages 31-33 in Article VIII, Section 8.01 including subparagraphs (a) through (l). After that enumeration of the events of default it is stated:

> "then, and in each such event, the Lender may take any or all of the following actions:"

and the following actions to be taken as the Event of Default enumerated. Thus actions related to default become actionable upon the occurance of an Event of Default. If the Equity Pledge Agreement attached as Exhibit D is deemed to apply and bind defendant, per Section 4 on page 3 an occurance of an

Event of Default triggers the ability to collect against the pledged items.

14. In a document dated as of September 11, 2019 the relevant portions of which are attached as Exhibit F, Big Shoulders Capital on page numbered 2 and Schedule B sets forth Events of Default occurring starting February 27, 2017. Big Shoulders Capital did not utilize actions to be taken upon an Event of Default against any Borrowers until September 9, 2019 when it filed its suit and motion for appointment for appointment of receiver in a civil action it filed against Mt. Hood Railroad and San Luis & Rio Grande Railroad, Inc., Borrowers under the Loan and Security Agreement that is Exhibit C. Otherwise Big Shoulders Capital has allowed such Borrowers to continue their businesses.

15. Under the Uniform Commercial Code, 810 ILCS 5/9-401(b) an agreement between the debtor and the secured party which prohibits a transfer of the debtor's rights in the collateral or makes the transfer a default does not prevent the transfer from taking effect. Courts interpreting the predecessor of that section, 9-311 have held that the mere declaration of a default in the absence of other remedial action, such as the acceleration of the loan, does not entitle the secured party to take possession of the collateral. Martens v. Hadley Memorial Hospital, 729 F. Supp 1392, 1394. Although the United States Court of Appeals for the Seventh Circuit has not addressed the issue, the Eighth Circuit has set forth persuasive reasoning in holding that a third party lender cannot, consistant with the UCC "refuse to exercise its rights under the security agreement thereby maintaining (the borrower/judgment debtor)

as a going concern, while it impairs the status of other creditors by preventing them from exercising valid liens." Frierson v. United Farm Agency, Inc., 868 F.2d 302,305 (8th Cir., 1989), cited with approval in One CW. LLC v. Cartridge World North America, LLC, 661 F. Supp. 2d 931 at 935 (N.D. Ill. 2009) That citation as well as Shales v. Pipe-Liners, Ltd, 2012 WL 4793499 (N.D. Ill, Oct. 9, 2012) stands for the holding that a properly perfected secured creditor waives its right in collateral in favor of a judgment lien creditor if it fails to properly timely act against its collateral following a borrower's default and that failure occured in this case subordinating the collateral of Big Shoulders Capital to the judgment and citation liens of plaintiff.

Wherefore it is prayed that this Court determine that Big Shoulders Capital LLC is not a secured creditor of defendant Permian Basin Railways, Inc., or if it determines to the contrary that it determine that due to the failure of Big Shoulders Capital LLC to pursue its secured creditor's remedies after the defaults of Permian Basin Railways, Inc. causes its secured interest as to Permian Basin Railway's assets to be suborniate to the judgment lien of plaintiff through the served citation, a determination per 735 ILCS 5/2-1402(g).

s/Richard M. Kates

Richard M. Kates
Suite 2200
225 W. Washington St.
Chicago, IL 60606
312/236-0267
kateslaw64@gmail.com
#1411438